**Roland JOHNSON, Plaintiff–Appellant,**

v.

**John E. POTTER, Postmaster General, United States Postal Service, Defendants–Appellees.**

No. 05–5374–cv.

United States Court of Appeals, Second Circuit.

June 7, 2006.

Christina Ann Agola, Rochester, NY, for Appellant.

Kathleen M. Mehltretter, Acting United States Attorney (Lynn S. Edelman, Assistant United States Attorney, on the brief), Buffalo, NY, for Appellee.

PRESENT: Hon. JON O. NEWMAN, Hon. CHESTER J. STRAUB and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Johnson appeals from the judgment of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge),* granting defendant's motion for summary judgment, denying Johnson's motion for a continuance of discovery pursuant to Federal Rule of Civil Procedure 56(f), and dismissing Johnson's complaint. Upon review of the record and applicable law, the judgment of the District Court is affirmed.

This is Johnson's third suit against the defendant Postmaster General under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.* All three of his suits have been before Judge Siragusa in the District Court. Johnson's first suit was brought in 1990, alleging a denial of promotion on the basis of race. It settled in 1998 following two days of trial. On January 15, 2002, Johnson filed a second suit *('Johnson II')* against defendant, alleging that he suffered retaliation for his first suit. Judge Siragusa granted summary judgment to defendant on February 28, 2005, and we affirmed by summary order on December 15, 2005.

While defendant's motion for summary judgment in *Johnson II* was pending, Johnson filed this suit, alleging retaliation and constructive discharge. Judge Siragusa granted defendant's motion for summary judgment in this case on September 16, 2005.

The District Court correctly determined that, in so far as Johnson alleged claims for retaliation that were on could have been raised in *Johnson II,* his claims were barred by res judicata. We agree with the District Court that Johnson's new allegations of retaliation, though not barred by res judicata, were not sufficient to state a *prima facie* case of an "adverse employment action," which is necessary to any claim of retaliation under Title VII. *See Galabya v. New York City Bd. of Educ.,*

202 F.3d 636, 640 (2d Cir.2000). We express no opinion as to the District Court's holding that Johnson's constructive discharge claim is in large part barred by collateral estoppel; however, we agree with the District Court's alternative holding that Johnson's allegations, even if taken as true, fall far short of establishing a constructive discharge. Johnson's allegations "do not legally suffice to sustain an inference that a reasonable person would have been 'compelled' to resign." *See Martin v. Citibank, N.A.,* 762 F.2d 212, 221 (2d Cir.1985).

"[O]nly in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Trammell v. Keane,* 338 F.3d 155, 161 n. 2 (2d Cir. 2003). Nevertheless, we see no abuse of discretion in the District Court's denial of Johnson's motion for a continuance of discovery under Rule 56(f). Johnson had already enjoyed a full opportunity to conduct discovery in *Johnson II.* For the reasons carefully stated by 16 the District Court, we agree that Johnson failed to identify any new facts as to which he needed discovery that might "reasonably [be] expected to raise a genuine issue of material fact." *Gualandi v. Adams,* 385 F.3d 236, 244 (2d Cir.2004).

For the reasons set forth, we AFFIRM the order of the District Court.